GUIDRY, J.
|2In this workers’ compensation case, claimant, John L. Davis, appeals from a judgment of the Office of Workers’ Compensation (OWC) sustaining a peremptory exception raising the objection of res judi-cata in favor of defendant, J.R. Logging, Inc., and dismissing his claim for compensation with prejudice. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
John L. Davis was employed by J.R. Logging, Inc. (J.R. Logging) as a personnel and delivery truck driver and a vehicle and equipment mechanic. On October 11, 2010, while driving home from work in a company truck, Davis experienced a dizzy spell that made him lose control of the truck and crash into a ditch.
On February 2, 2011, Davis filed a disputed claim for compensation, asserting injury to his back, neck, and head as a result of the alleged work accident on October 11, 2010.[1] Davis asserted that he was entitled to indemnity benefits, medical benefits, penalties, and attorney’s fees and the determination of his disability status. J.R. Logging filed an answer to Davis’ disputed claim for compensation, denying that Davis was in the course and scope of employment at the time of the alleged accident and that Davis’ injuries arose out of his employment.
Thereafter, J.R. Logging filed a peremptory exception raising the objection of res judicata, asserting that Davis’ alleged injuries arose out of a 2005 work accident while employed by J.R. Logging, and that all claims arising from this accident were settled between the parties and dismissed by the OWC on May 20, 2008. J.R. Logging also filed a peremptory exception raising the objection of prescription, asserting that, although the disputed claim for compensation lists the Rdate of accident/injury as October 11, 2010, subse *830 quent pleadings and medical records refer to an alleged work injury in 2005. Therefore, J.R. Logging asserted that because the instant disputed claim for compensation was not filed until February 2, 2011, any claim based on a 2005 injury is clearly prescribed.
Davis subsequently filed an amended disputed claim for compensation naming J.R. Logging’s workers’ compensation carrier, Praetorian Insurance Company, as an additional defendant. Following trial, the OWC judge signed a judgment sustaining J.R. Logging’s exception raising the objection of res judicata, and dismissing Davis’ claim with prejudice. Additionally, the OWC found that even if Davis’ claim was not barred by res judicata, Davis failed to carry his burden of proof that he suffered a work related accident with injury during the course and scope of his employment with J.R. Logging. Davis now appeals from this judgment.
DISCUSSION
Louisiana Revised Statute 13:4231 provides, in pertinent part, the following regarding res judicata:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
[[Image here]]
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
The chief inquiry is whether the second action asserts a cause of action that arises out of the transaction or occurrence that was the subject matter of the first action. Landry v. Town of Livingston Police Department, 10-0673, p. 5 (La.App. 1st Cir. 12/22/10), 54 So.3d 772, 776. However, the Louisiana Supreme Court has also emphasized that all of the following elements must be satisfied in order for res judicata to preclude a second action: (1) the first judgment is valid and final; (2) |4the parties are the same; (3) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (4) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. Burguieres v. Pollingue, 02-1385, p. 8 (La.2/25/03), 843 So.2d 1049, 1053.
The peremptory exception raising the objection of res judicata is based on the conclusive legal presumption of a thing previously adjudged between the same parties. Labiche v. Louisiana Patients’ Compensation Fund Oversight Board, 98-2880, p. 5 (La.App. 1st Cir. 2/18/00), 753 So.2d 376, 380. Although the exception of res judicata typically contemplates the existence of a final judgment on the merits, it also applies where there is a transaction or settlement of a dispute that has been entered into by the parties. Ortego v. State Department of Transportation and Development; 96-1322, p. 6 (La.2/25/97), 689 So.2d 1358, 1363.
The burden of proving the facts essential to sustaining the objection is on the party pleading the objection. If any doubt exists as to its application, the exception raising the objection of res judica-ta must be overruled and the second lawsuit maintained. Landry, 10-0673 at p. 5, 54 So.3d at 776. When an objection of res judicata is raised before the case is submitted and evidence is received on the objection, the standard of review on appeal *831 is manifest error. Landry, 10-0673 at p. 5, 54 So.3d at 776.
In the instant case, J.R. Logging introduced copies of compromise documents in connection with the 2005 work accident. The Joint Petition to Compromise and Settle Worker’s Compensation Claim states that while working for J.R. Logging on May 28, 2005, Davis suffered injuries to his arm and forehead when a boom dipped down and caused the grapple to mash Davis’ arm and resulted in a laceration to Davis’ forehead. The petition stated that the parties [smutually agreed that a fair and just settlement of their respective rights would be attained through the payment to Davis of $90,000.00 in a lump sum. The parties further agreed:
that upon payment of said lump sum to employee by employer, that employer and insurer shall be forever released and relieved from all further and future liability claims of employee of whatsoever nature and kind arising heretofore or which may hereafter arise under said statutes, growing out of any accident and/or injury occurring prior to this date. [Emphasis added.]
J.R. Logging also introduced a copy of the order signed by the OWC on May 20, 2008, approving the aforementioned settlement and also introduced a copy of the joint motion to dismiss Davis’ claim. See La. R.S. 23:1272. Finally, J.R. Logging introduced a copy of the receipt and release executed by Davis acknowledging that he forever releases J.R. Logging from “all claims of whatsoever nature and kind which may have arisen heretofore or which may hereafter arise from any accident of any sort or injury occurring prior to this date.”
In filing his disputed claim for compensation regarding the October 11, 2010 accident, Davis asserted that he sustained disabling injuries to his head as a result of that accident. This disabling head injury, as asserted by Davis, is a dizziness disorder. However, the testimony and medical evidence in the record indicate that the dizzy spells from which Davis suffers arise from the injuries he sustained to his head in the 2005 accident. Particularly, Dr. Peter Roland, who is board certified in oto-laryngology, testified on behalf of Davis and stated that the 2005 head injury led to the development of Davis’ dizziness disorder, diagnosed as Meniere’s Disease. Additionally, Davis admitted, and the medical records support, that in seeking medical attention for his dizzy spells, both prior to and after the October 11, 2010 accident, he related to medical personnel that he had been suffering from dizzy spells since 2008, and that he had sustained a blunt force trauma to his head in a 2005 accident.
|RAs such, because Davis’ instant claim for compensation, seeking compensation for injuries to his head, arises out of the head injury sustained in the 2005 work accident, and all future liability claims of Davis arising out of that head injury were compromised between the same parties in the May 20, 2008 settlement, we find no error in the OWC’s determination that Davis’ instant claim for compensation is barred by res judicata.
Davis asserts on appeal, however, that, even if his instant claim for compensation is barred by res judicata, exceptional circumstances exist so as to justify relief from the effects of res judicata. See La. R.S. 13:4232(A)(1). The discretion given to courts to grant relief from a judgment on the basis of exceptional circumstances allows the courts to balance the principle of res judicata with the interests of justice. However, this discretion must be exercised on a case-by-case basis, and such relief should be granted only in truly *832 exceptional cases, otherwise the purpose of res judicata would be defeated. La. R.S. 13:4232, Comment-1990. The exceptional circumstances exception generally applies to complex procedural situations in which litigants are deprived of the opportunity to present their claims due to unanticipated quirks in the system, to factual situations that could not be anticipated by the parties, or to decisions that are totally beyond the control of the parties. McGregor v. Hospice Care of Louisiana in Baton Rouge, LLC, 09-1357, pp. 11-12 (La.App. 1st Cir. 2/12/10), 86 So.3d 272, 279, unit denied, 10-0701 (La.5/28/10), 36 So.3d 253.
From our review of the record, there is no evidence to support that Davis was deprived of the opportunity to present his claim due to unanticipated quirks in the system. Further, because Davis voluntarily entered into a compromise whereby he settled future claims for injuries arising out of his head wound, we cannot say that such settlement was beyond his control nor that his need for future medical care related to that wound was unanticipated by the parties. Therefore, we do not |7find that the OWC abused its discretion in failing to find that exceptional circumstances exist so as to justify relief from the effects of res judicata.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the OWC, sustaining J.R. Logging’s exception raising the objection of res judicata and dismissing Davis’ claim for compensation with prejudice.[2] All costs of this appeal are assessed to John L, Davis.
AFFIRMED.
ERNEST G. DRAKE concurs with Result only and assigns written Reasons.

. At the hearing of this matter, Davis admitted that he no longer claimed neck and back disability as a result of the October 11, 2010 accident.

. Because we affirm the OWC's decision sustaining the exception raising the objection of res judicata, we pretermit discussion of whether the OWC erred in finding that Davis failed to prove that he suffered a work related accident and injury during the course and scope of his employment with J.R. Logging.