HIGGINBOTHAM, J.
12Plaintiff appeals the dismissal of his claims against one of the defendants as res judicata due to a nationwide class action lawsuit involving defective drywall that was pursued to finality in another state.
BACKGROUND
On June 2, 2009, George Cepriano, Jr., purchased a newly constructed family home in Mandeville, Louisiana. The seller of the property was Diamond Investments of Louisiana, L.L.C. (Diamond), and the contractor/builder was B Square Builders, L.L.C. (B Square). Approximately two years later, on June 6, 2011, Cepriano learned that his house contained allegedly defective Chinese-manufactured drywall, sometimes referred to as “Chinese drywall,” when he received a home inspection report that had been performed for a potential buyer of his home. Consequently, the pending sale of the house was can-celled, and this lawsuit concerning the installation of defective drywall ensued.
On June 6, 2012, Cepriano filed a petition against Diamond, B Square, and various fictitious identifiers for unknown insurers, suppliers, and manufacturers of the allegedly defective drywall that was installed during the construction of his home. Through the discovery process, Cepriano learned that some of the defective drywall installed in his house before he became owner in June 2009, had been purchased from Lowe’s Home Centers, Inc. (Lowe’s) in April 2007. As a result, Cepriano filed an amending and supplemental petition specifically identifying Lowe’s as a supplier of the defective drywall and as an additional defendant.
Lowe’s filed exceptions to Cepriano’s lawsuit, raising the objections of vagueness and res judicata, and seeking dismissal on the basis that a final order and judgment of a Georgia state court concerning a nationwide class action .settlement in Vereen v. Lowe’s Home Centers, Inc., Civil Action File No. SU10-CV-2267B, Superior Court of Muscogee County, State of Georgia (hereafter referred to as the \ “Vereen class action”) on January 11, 2012, precluded Cepriano’s claims against Lowe’s in this lawsuit. Lowe’s maintained that if Cepri-ano’s allegation that some of the defective drywall was purchased at a Lowe’s store is true, then Cepriano is a class member in the nationwide Vereen class action and he is bound by the class action settlement approved by the Georgia court, which resolved all claims against Lowe’s involving damages due to allegedly defective drywall.[1]
*1047 The matter was heard on May 19, 2014, after which the trial court sustained Lowe’s peremptory exception of res judi-cata and dismissed all of Cepriano’s claims against Lowe’s with prejudice. Based upon that ruling, the trial court further found Lowe’s exception of vagueness to be moot. The trial court signed a final judgment on May 29, 2014. Cepriano’s appeal followed, wherein he argues that the trial court erred in determining that he was a class member who did not opt out of the nationwide Vereen class action and, thus, was now barred from asserting a claim against Lowe’s due to the binding nature of the judgment rendered in the Vereen class action settlement that must be given full faith and credit in this case. Cepriano also argues that the trial court erred in failing to apply the statutory exception to res judicata for exceptional circumstances as provided in La. R.S. 13:4232(A)(1), ^because he was effectively denied due process with inadequate notice and any meaningful opportunity to participate in, or opt out of, the Vereen class action settlement.
STANDARD OF REVIEW
The peremptory exception raising the objection of res judicata is based on the conclusive legal presumption that there should be no re-litigation of a thing previously adjudged between the same parties. Davis v. J.R. Logging, Inc., 2013-0568 (La.App. 1st Cir.11/8/13), 136 So.3d 828, 830, writ denied. 2014-0860 (La.6/20/14), 141 So.3d 812; Hoover v. Livingston Parish School Bd., 2000-1293 (La.App. 1st Cir.6/22/01), 797 So.2d 730, 732-33. Although the exception of res judicata typically contemplates the existence of a final judgment on the merits, it also applies where there is a transaction or settlement of a dispute that has been entered into by the parties. Davis, 136 So.3d at 830. The burden of proving the facts essential to sustaining the objection is on the party pleading the objection. When,- as here, an objection of res judicata is raised before the case is submitted and evidence is received on the objection, the standard of review on appeal is traditionally manifest error with regard to factual findings of the trial court. Id., 136 So.3d at 830-31. However, the res judicata effect of a prior judgment is a question of law that is re-viewéd de novo on appeal. Pierrotti v. Johnson, 2011-1317 (La.App. 1st Cir.3/19/12), 91 So.3d 1056, 1063.
With regard to Cepriano’s argument that the trial court erred in failing to find that exceptional circumstances exist that justify relief from the effects of res judicata, we review that portion of the trial court’s decision under the abuse of discretion standard. See Davis, 136 So.3d at 831-32. The discretion given to courts to grant relief from a judgment on the basis of exceptional circumstances allows a court to balance the principle of res judi-cata with the interests of justice. That discretion must be exercised on a case-by-case basis and relief granted only in truly ^exceptional cases. Id. The exceptional circumstances exception to res judicata generally only applies to complex procedural situations in which litigants are deprived of the opportunity to present their *1048 claims due to unanticipated quirks in the system, to factual situations that could not be anticipated by the parties, or to decisions that are totally beyond the control of the parties. Id., 136 So.3d at 832.
DISCUSSION
The class action is a nontraditional litigation procedure permitting a representative with typical claims to sue, on behalf of a class of similarly situated persons, when the question is of common or general interest to persons so numerous as to make it impractical to bring them all-before the court. Display South, Inc. v. Graphics House Sports Promotions, Inc., 2007-0925 (La.App. 1st Cir.6/6/08), 992 So.2d 510, 515, writ not considered. 2008-1562 (La.10/10/08), 993 So.2d 1274. The purpose of a class action procedure is to adjudicate and obtain res judicata effect on all common issues applicable not only to the representatives who bring the action, but to all others who are similarly situated, provided they are given adequate notice of the pending class action and do not timely exercise the option of exclusion from the class. Id.
The question before us is whether Cep-riano’s claims against Lowe’s are barred under the theory of res judicata based on the provisions of the settlement agreed to by the members of the class that terminated the Vereen class action suit after the Georgia court signed a final order and judgment. The Georgia court’s final order and judgment explicitly provided that it had a binding effect as follows:
11. Binding Effect. The terms of the Settlement Agreement (and the Amendment) in addition to any new provisions- or changes in this Final Order and Judgment shall be forever binding on Plaintiffs and all other Class Members, as well as ... anyone acting on behalf of Class Members or for their benefit, and those terms shall have res judicata and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that were or could have been raised in this | fiaction or are otherwise encompassed by the Release. This Court’s orders are further entitled to Full Faith and Credit, by federal and state courts and “shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken.” [Citation omitted and emphasis added.]
The Vereen class action final order and judgment also contained a release whereby the representative plaintiff and all class members who did not properly and timely exclude themselves from the settlement class expressly and irrevocably waived, released, and forever discharged Lowe’s from any and all claims, “whether known or unknown, asserted or unasserted, patent or latent, that the Releasing Parties now have, ever had, or may in the future have, arising out of, resulting from, or relating in any way to allegedly [defective [d]rywall.”[2] (Emphasis added.) Additionally, the final order and judgment stated that all class members who were not timely excluded from the Vereen class action were “permanently barred and enjoined” from commencing or prosecuting or receiving any benefits or other relief from any other lawsuit in any jurisdiction “based on or relating to the claims and causes of *1049 action” that were or could have been set forth or raised in the Vereen class action. The Georgia court found that the permanent injunction was “necessary and appropriate in aid of the Court’s jurisdiction over the action and to protect and effectuate” the court’s final order and judgment in the Vereen class action. The Georgia court also retained jurisdiction as to all matters relating to the settlement agreement and the Vereen class action final order and judgment.
An absent class action member must have certain due process protections in order to be bound by a class settlement agreement. See In re Diet Drugs (Phen-termine/Fenfluramine/Dexfenfluramine) Products Liability Litigation, 431 F.3d 141, 145 (3d Cir.2005). In a class action where opt out rights are afforded, these protections are adequate representation by the class representatives, notice of |7the class proceedings, and the opportunity to be heard and participate in the class proceedings. Id. The adequate representation requirement mandates that the representative parties will fairly and adequately protect the interests of the class, and there must be a process by which class members can challenge whether due process protections were afforded. Id. However, once a court has decided that the due process protections occurred, the issue may not be re-litigated. Id., 431 F.3d at 146.
Our review of the record and the pertinent dates surrounding Cepriano’s claim against Lowe’s, reveals that Cepriano is a member of the Vereen class, who was adequately represented in the settlement proceedings. As defined in the final order and judgment of the Vereen class action, a class member is “[a]ny [pjerson in the United States, who, during the Class Period [from the beginning of time through July 27,2010, which is the date of the Preliminary Approval Order signed by the Georgia court], purchased, installed, or had installed on real property Defective Drywall or were owners and/or residents on such real property.” Since Cepriano owned and resided in his home on June 2, 2009, the allegedly defective drywall was already installed in the house at that time, which was well before the July 27, 2010 end of the class period for the Vereen class action. It is irrelevant that Cepriano did not know about the defective drywall until June 6, 2011, after the .class period ended. Because he is a member of the Vereen class, he is bound by the release language in the final order and judgment that forever discharged Lowe’s from any and all claims, “whether known or unknown, asserted or unasserted” that class members “now have, ever had, or may in the future have, arising out of, resulting from, or relating in any way to allegedly [defective [djrywall.”
As for Cepriano’s contention that the representatives of the Vereen class action were inadequate for purposes of representing absent class members, we recognize that the Georgia court conducted a thorough analysis of the representation and found that the designated class representatives were appropriate, and they fairly |sand adequately represented the interests of all the class members. We defer to the Georgia court’s decision that the class representation and the Vereen class action settlement comported with due process by adequately representing absent class members, whose claims involved similar common questions of law and facts arising out of the sale of allegedly defective drywall. There is no need for the claims to be identical; the central inquiry is whether the claims could have been asserted in the class action suit, which can be answered in the affirmative for Cepriano’s claims. See McCubbrey v. Boise Cascade Home & *1050 Land, Corp., 71 F.R.D. 62, 78 (N.D.Cal.1976).
Further, we note that Cepriano’s complaints about inadequate notice regarding the Vereen class action are misplaced in this proceeding. The Georgia court has already carefully examined the notice plan for the nationwide Vereen class action and found it to be adequate and appropriate. The Georgia court specifically found that the plan constituted the best practicable notice under the circumstances and that it comported with constitutional due process.[3] Georgia and Louisiana law are both consistent with federal law in requiring that the best notice practicable under the circumstances be given to members of a large class action suit. See Ga.Code Ann. § 9 — 11—23(c)(2); La.Code Civ. P. art. 592(B)(1); Fed.R.CivJP. 23(c)(2)(B). Due process does not require actual notice to every single class member. Rather, the best notice practicable under the circumstances — or “ ‘best efforts’ — not a guarantee of success” — is what is required.. McCubbrey, 71 F.R.D. at 74. The failure of individual class members in a large class action to receive personal or actual notice does not allow them to avoid the res judi-cata effect of the final class action [ ¡judgment. See McCubbrey, 71 F.R.D. at 74. That is because the individual interest of a class member does not stand alone, but is identical with that of the entire class. Mullane v. Central Hanover Bank & Trust Co., 389 U.S. 306, 319, 70 S.Ct. 652, 659-60, 94 L.Ed. 865 (1950). Therefore, notice that is reasonably certain to reach most of those interested in objecting is likely to safeguard the interests of all, since the objection sustained would inure to the benefit of all. Id. Accordingly, despite Cepriano’s alleged failure to receive actual notice of the Vereen class action settlement, the notice complied with due process and does not defeat the binding nature of the Vereen class action settlement.
Considering the extensive listing of the claims and causes of actions settled and released pursuant to. the Vereen class action settlement and memorialized in the final order and judgment of the Georgia court, and considering the time period covered by the Vereen class action, we find that the trial court did not err in sustaining Lowe’s peremptory exception based on the objection of res judicata. We further find that the final order and judgment of the Georgia court in the Vereen class action, by its very terms, is entitled to full faith and credit in every court within the United States, which obviously includes the courts of Louisiana. See Matsushita Elec. Indus. Co., Ltd. v. Epstein, 516 U.S. 367, 373-74, 116 S.Ct. 873, 877-78, 134 L.Ed.2d 6 (1996). Allowing Cepriano to maintain this action against Lowe’s would violate the Full Faith and Credit Clause of the United States Constitution. See 28 U.S.C. § 1738. Cepriano may not collaterally attack the Georgia court rulings concerning the appropriateness of the representative plaintiffs, the adequacy of the notice plan with regard to constitutional due process considerations, or whether the settlement in the Vereen class action was fair, reasonable, and adequate. Additionally, we recognize that Lowe’s entered into the Vereen class action settlement to achieve finality regarding its liability to *1051 class members. To deny Lowe’s of this benefit by allowing Cepriano’s claim in this hnlawsuit would discourage class action settlements in the future. See McCubbrey, 71 F.R.D. at 69-70.
Finally, we find no evidence to support that Cepriano was deprived of the opportunity to present his claim due to unanticipated quirks in the legal system. The Georgia court’s final order and judgment was entered after careful consideration of the fairness and adequacy of the Vereen class action settlement, where Lowe’s was released from any and all claims, whether known or unknown, patent or latent, and whether the releasing party now has, ever had, or may in the future have relating in any way to allegedly defective drywall. Thus, future and/or unknown claims by absent class members were contemplated by the parties when the Vereen class action was settled. We find no abuse of discretion in the trial court’s failure to find exceptional circumstances exist so as to justify relief from the effects of res judicata in this matter.
CONCLUSION
Based on our review of the record and the law, we find the ruling of the trial court on the peremptory exception raising the objection of res judicata was not manifestly erroneous. We further find no abuse of discretion in the trial court’s ruling ■ on the lack of exceptional circumstances in this case. Thus, we affirm the judgment of the trial court, holding that Cepriano is precluded from including a claim against Lowe’s in this lawsuit. All costs of this appeal are assessed to the plaintiff/appellant, George Cepriano, Jr.
AFFIRMED.
McCLENDON, J., concurs and assigns reasons.

. The Vereen class action was initially brought by the representative plaintiff, Glen Vereen, on behalf of himself and others similarly situated, against Lowe’s for damages due to the sale of allegedly defective drywall. The Georgia court entered an order on July 27, 2010, preliminarily approving the class action settlement, certifying the class for settlement purposes, and scheduling a fairness hearing. The parties implemented a notice plan, initially from August 26, 2010 to October 10, 2010, and then again from March 30, 2011 to May 28, 2011. The notice plan included point-of-sale notification, notice by publication, notice on the Settlement Administrator’s website, and notice by first-class mail to certain claimants who had already submitted claims or opted out. The Georgia court found that the notice and notice plan for each notice time period was adequate and appropriate, constituted the best practicable notice under the circumstances, and comported with the constitutional requirements of due process. After a fairness hearing on October 12, 2011, the Georgia court entered a final order and judgment on January 11, 2012, granting final certification of the nationwide settlement class (defined as any person in the United States, who, during the class period, purchased, in *1047 stalled, or had installed on real property defective drywall or were owners and/or residents on such real property), approving the Vereen class action settlement, and dismissing the class members claims. In its final order and judgment, the Georgia court reiterated that the notice plan was adequate, appropriate, and comported with constitutional due process, that the designated class representatives were appropriate for settlement pur-p0Ses, and that the terms of the settlement agreement were entered into in good faith and were fair, reasonable, and adequate,

. The release set forth in the Vereen class action final order and judgment “expressly incorporated ... in all respects” the release that is set forth in the Vereen class action settlement agreement.

. The notice plan approved by the Georgia court in the Vereen class action included more than 100 million point-of-sale notifications printed on Lowe's store receipts throughout the United States and hand-delivered to Lowe’s customers during each notice period, several notices by advertisements in major magazine publications, notice on the Settlement Administrator’s website, and notice by first-class mail to identifiable claimants who had filed claims or had opted out of the settlement.