PETTIGREW, J.
|2The plaintiff in this matter appeals a trial court judgment sustaining the defendants’ res judicata exceptions and dismissing his suit against defendants with prejudice. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
This litigation arises out of the seizure of currency, allegedly derived from illegal drug transactions, by the Livingston Police Department in Livingston Parish on July 18, 2008. The “Affidavit Of Probable Cause That The Items Seized Were Used To Facilitate Or Were The Proceeds For Illegal Narcotics Activity,” executed by Officer Brandt Melerine of the Livingston Police Department, details the events of the early morning hours of said date as follows:
On July 18, 2008 ... this officer ... was conducting traffic enforcement ... when this officer observed [a] 2008 Chevrolet cobalt traveling west bound crossing the fog line three times (several feet), followed by the center line once within a short distance. This officer initiated a traffic stop.... Upon making contact with the driver, one Derrick A. Pope, [Officer] Melerine observed Pope to be extremely nervous (hands shaking, voice cracking, unable to stand still (pacing)[)]. Pope was advised [of] the reason for the stop and [this officer] requested his driver’s license and paperwork on the vehicle. Pope advised he did not possess a driver’s license and that the *774 vehicle was a rental vehicle out of Houston, Texas, rented by the passenger, one Jake Landry. Pope advised he and Landry went to Mobile, Alabama to visit his mother at her home. Pope advised they had stayed for about one hour, before leaving to return home. Officer Melerine then made contact with the passenger, one Jake Landry, to retrieve the vehicle rental paperwork, at which time this officer could smell what appeared to be an obvious odor of raw marijuana coming from the inside of the vehicle. [Officer] Melerine asked Landry to exit the vehicle and inquired as to he and the driver’s travel itinerary for the trip. Landry advised they had gone to Mobile, Alabama for (2) days to sell 12 or 14 pit bull puppies and return home. Landry also appeared very nervous when speaking with this officer. [Officer] Melerine, due to the aforementioned indicators, advised both subjects of their rights per Miranda and requested written consent to search from the driver, Derrick Pope, which Pope signed granting an interior search. [Officer] Melerine was then also granted verbal consent by Landry, granting an interior search of the vehicle. Prior to an interi- or search, Pope admitted to Officer Melerine that the trunk (between carpet and driver’s side tail light) contained a large amount of U.S. currency (unknown amount) that were proceeds from a narcotic transaction from approximately 10 pounds of raw marijuana in Mobile, Alabama. Pope also admitted the story of visiting his mother was fictitious and that Landry’s story of selling puppies was also untrue. Pope advised the only puppy they had was the single puppy within the vehicle. Upon subsequent interior search of the vehicle, [Officer] Melerine located the U.S. currency within the trunk (pictures taken) and observed the currency to be contained in a brown paper bag and rubber banded together according to currency value ... [Officer] Melerine, [.¡through training and experience, recognized this to be very common with narcotic related currency binding, packaging, and transportation. [Officer] Melerine also observed the interior of the trunk to have a very strong raw marijuana odor permeating from it. Both Pope and Landry then signed a currency disclaimer form ... disclaiming any interest in the U.S. currency located. Pope was then cited ... for improper lane usage and no driver’s license. Both subjects were then released from the scene with the vehicle. No receipts were given due to the signed disclaimer forms, disclaiming the U.S. currency. The currency was then transported and calculated by [Officer] Melerine ... to total $10,440.00.
According to the record, Officer Melerine also gave Pope and Landry each an identical document entitled “Notice Of Pending Forfeiture,” advising them that the money in question had been seized for forfeiture and that bona fide owners and interest holders had a thirty-day period within which to request a “Stipulation of Exemption” or file a claim for return of the property. The document also gave specific details on how to file such a request and/or claim.[2]
Based on Officer Melerine’s affidavit, and in accordance with the Seizure and Controlled Dangerous Substances Property Forfeiture Act of 1989 (“Forfeiture Act”), La. R.S. 40:2601, et seq., the trial *775 court signed a “Warrant Of Seizure For Forfeiture” on July 18, 2008. Thereafter, on October 2, 2008, the State of Louisiana (“State”) filed a Public Notice of Pending Forfeiture in the Livingston Parish News, seeking to learn the identity of the owner or interest holder of the seized property since both Pope and Landry had disclaimed any interest in the currency. After sufficient time had elapsed from the signing of the “Notice Of Pending Forfeiture” and the publication of the pending forfeiture in the Livingston Parish News, and no claims to the currency were timely received by the State, the State filed an “Application For Order Of Forfeiture” with the trial court. A “Judgment Of Forfeiture” was signed by the trial court on March 10, 2009, in favor of the State forfeiting the $10,440.00 and distributing the funds in accordance with statute.
On October 3, 2008, Landry filed the instant suit alleging that he was the owner of the $10,440.00 and that the State and the Town of Livingston, through its Police 14Pepartment (“Livingston”), had converted the funds to its own use without legal cause. In response to Landry’s suit, the State and Livingston filed various exceptions, including exceptions raising the objection of res judicata. After considering the evidence and applicable law, the trial court granted the res judicata exceptions and found that the exceptions raising the objections of lack of indispensable party and no cause of action- and no right of action were moot. The trial court signed a judgment in accordance with these findings on December 22, 2009.[3] This appeal by Landry followed, wherein Landry argued the trial court erred in granting the objections of res judicata because the issue of improper service in the forfeiture proceedings had not been decided by the trial court.

RES JUDICATA

Res judicata bars relitigation of a subject matter arising from the same transaction or occurrence of a previous suit. Avenue Plaza, L.L.C. v. Falgoust, 96-0173, p. 4 (La.7/2/96), 676 So.2d 1077, 1079; La. R.S. 13:4231. It promotes judicial efficiency and final resolution of disputes. Terrebonne Fuel & Lube, Inc. v. Placid Refining, Co., 95-0654, 95-0671, p. 12 (La.1/16/96), 666 So.2d 624, 631. Louisiana Revised Statutes 13:4231 provides for res judicata as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of *776 the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or [ 5occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
The chief inquiry is whether the second action asserts a cause of action that arises out of the transaction or occurrence that was the subject matter of the first action. Avenue Plaza, L.L.C., 96-0173 at 6, 676 So.2d at 1080. However, the Louisiana Supreme Court has also emphasized that all of the following elements must be satisfied in order for res judicata to preclude a second action: (1) the first judgment is valid and final; (2) the parties are the same; (3) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (4) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. Burguieres v. Pollingue, 2002-1385, p. 8 (La.2/25/03), 843 So.2d 1049, 1053.
The burden of proving the facts essential to sustaining the objection is on the party pleading the objection. Union Planters Bank v. Commercial Capital Holding Corp., 2004-0871, p. 3 (La.App. 1 Cir. 3/24/05), 907 So.2d 129, 130. If any doubt exists as to its application, the exception raising the objection of res judica-ta must be overruled and the second lawsuit maintained. Denkmann Associates v. IP Timberlands Operating Co., Ltd., 96-2209, p. 8 (La.App. 1 Cir. 2/20/98), 710 So.2d 1091, 1096, writ denied, 98-1398’ (La.7/2/98), 724 So.2d 738. When, as here, an objection of res judicata is raised before the case is submitted and evidence is received on the objection, the standard of review on appeal is manifest error. Leray v. Nissan Motor Corp. in U.S.A., 2005-2051, p. 5 (La.App. 1 Cir. 11/3/06), 950 So.2d 707, 710.
DISCUSSION
On appeal, Landry argues that the Forfeiture Act does not apply because the forfeiture was not properly served on him. Referring to the documents he signed at the time of the stop, Landry asserts he had no understanding of any of the documents he was signing and claims that the full amount of the funds seized were his personal ^property. Landry also alleges that the “Notice Of Pending Forfeiture” that he signed was not in proper form. Landry notes that the document he signed was addressed to Pope, the document was undated, and there was no service return. Landry maintains that because the issue of improper service has never been heard by the trial court, the objection of res judica-ta should not have been granted. In response, the State maintains that all of the required elements of res judicata are present, arguing as follows:
In the matter at hand, the thing demanded was the $10,440.00 seized from the car on July 18, 2008 of which the defendant in the present matter was a passenger. In the judgment signed on March 10, 2009 by the lower court in docket number 123230, the money is all that was seized and the defendant is listed as a defendant in the matter. As to element two, it is the same cause of action because under La. R.S. 40:2610, *777 the defendant was given thirty days to raise any issue as to why the money should not have been subject to seizure. He did not, thus the State of Louisiana applied for an order of forfeiture and judgment of forfeiture. Finally, as to element three, it is the same parties.
Moreover, the State argues that not only did Landry sign a disclaimer to the money seized at the scene, but he also signed a “Notice Of Pending Forfeiture,” which the State argues satisfies the service of notice requirements of La. R.S. 40:2608.[4]
17Livingston argues in response to Landry’s appeal that pursuant to La. R.S. 40:2620, the Forfeiture Act bars collateral actions and provides that “[n]o person claiming an interest in property subject to forfeiture may commence or maintain any action against the state concerning the validity of the alleged interest other than as provided in this Chapter.” La. R.S. 40:2620. Thus, Livingston asserts, Landry’s only remedy after the issuance of the “Warrant Of Seizure For Forfeiture” was to establish an exemption under La. R.S. 40:2605 within the statutory time frame, i.e., thirty days from the date of notice of forfeiture, and in the required form pursuant to La. R.S. 40:2609 and 40:2610, an action that Landry clearly did not take.
At the outset, we note that Landry’s argument concerning the issue of service and notice is without merit. During the July 20, 2010 hearing before the trial court, to determine whether the original judgment could be amended, the trial court stated:
And it’s my understanding that this res judicata exception is both by the State and [Livingston] which makes it a very simple issue for appeal. I do also further notice that in reviewing the record that I think it was Judge Winsberg who was sitting in my absence who had a problem with the service of process. I think that I had already made a ruling on that, however, and he was unwilling to disturb my ruling. I had specifically *778 found that due process considerations had been satisfied even though the [statute] is to be narrowly construed and that service and notice had been effected; that there was an administrative error in the service.
Thus, contrary to Landry’s argument on appeal, the issue of service and notice was clearly considered and decided by the trial court. The trial court determined that the minor discrepancies in the documents signed by Landry and Pope at the scene amounted to nothing more than an “administrative error” that did not diminish the fact that due process considerations were satisfied and service and notice were effected on both Landry and Pope. We find no error in this ruling by the trial court concerning the issue of service and notice.
We turn now to the trial court’s ruling that the March 10, 2009 “Judgment Of Forfeiture,” signed by the trial court in docket number 123230, was res judicata as to the issues raised by Landry in the instant suit for return of the money seized. There is no dispute that said judgment was a valid and final judgment or that the parties are the same, i.e., Landry and the State. In said judgment, the trial court ordered the forfeiture [sof the $10,440.00 originally seized from the vehicle stopped by Officer Melerine on July 18, 2008. At the time of the traffic stop initiated by Officer Melerine, Landry waived his right to notice of seizure by signing the currency disclaimer form. Nonetheless, Landry received notice when he was served with a “Notice Of Pending Forfeiture,” a document that detailed the time restrictions (thirty days) and the procedures for filing a request for “Stipulation of Exemption” or a claim for return of the property. When Landry failed to file a timely request for stipulation or a claim, the State proceeded as provided for in the Forfeiture Act. Based on the facts and circumstances herein, Landry’s suit was clearly barred by the res judicata effect of the March 10, 2009 “Judgment Of Forfeiture.”
CONCLUSION
For the reasons assigned, the action of the trial court, sustaining the exceptions raising the objection of res judicata and dismissing, with prejudice, Jake Landry’s suit against the State of Louisiana and the Town of Livingston is affirmed. All costs associated with this appeal are assessed against plaintiff-appellant, Jake Landry. AFFIRMED.

. A review of these documents reveals that the form signed by Landiy has Pope's name on the top of it and vice versa. Other than this minor discrepancy, the forms are identical. Landry and Pope each signed an individual form, acknowledging receipt of the "Notice Of Pending Forfeiture.”

. After the instant appeal was filed, Livingston filed a motion to remand the matter to the trial court for the limited purpose of correcting the December 22, 2009 judgment. According to the record, the December 22, 2009 judgment was apparently prepared by counsel for the State and not circulated between the remaining parties involved in the litigation prior to being signed by the trial court. As such, the judgment failed to include the language necessary to grant the res judicata exception filed by Livingston. In an order dated July 7, 2010, this court granted the motion to remand, in part, to allow the trial court an opportunity to determine if the December 22, 2009 judgment could be amended through the consent of the parties. See Frisard v. Autin, 98-2637, p. 7 (La.App. 1 Cir. 12/28/99), 747 So.2d 813, 818, writ denied, 2000-0126 (La.3/17/00), 756 So.2d 1145. Following a hearing on July 20, 2010, the trial court made a factual finding that all of the parties consented to the amendment of the judgment, resulting in the final judgment rendered July 20, 2010, wherein the original judgment was amended to provide that the res judicata exceptions filed by both the State and Livingston were granted and that Landry’s suit against the State and Livingston was dismissed with prejudice.

. Concerning the service issue, the State cites the case of State v. $144,320.00 U.S. Currency, 2009954, p. 5 (La.App. 3 Or. 2/3/10), 29 So.3d 1266, 1269, writ denied, 2010-0821 (La.6/18/10), 38 So.3d 324, in support of its position that having signed the currency disclaimer form, Landry expressly waived any right he may have had to notice of seizure or forfeiture proceedings. The State further argues that the waiver of notice signed by Landry in the currency disclaimer form satisfied the service of notice requirements of La. R.S. 40:2608, which provides, in pertinent part, as follows:
(3) Whenever Notice of Pending Forfeiture or service of an in rem petition is required under the provisions of this Chapter, notice or service shall be given in accordance with one of the following:
(a) If the owner’s or interest holder's name and current address are known, by either personal service or by mailing a copy of the notice by certified mail to that address.
(b) If the owner’s or interest holder’s name and address are required by law to be recorded with the parish clerk of court, the motor vehicle division of the Department of Public Safety and Corrections, or another state or federal agency to perfect an interest in the property, and the owner’s or interest holder’s current address is not known, by mailing a copy of the notice by certified mail, return receipt requested, to any address of record with any of the described agencies.
(c)If the owner’s or interest holder’s address is not known and is not on record as provided in Subparagraph (b) of this Paragraph, or the owner or interest holder’s interest is not known by publication in one issue of the official journal in the parish in which the seizure occurs.
(4) Notice is effective upon personal service, publication, or the mailing of a written notice, whichever is earlier, and shall include a description of the property, the date and place of seizure, the conduct giving rise to forfeiture or the violation of law alleged, and a summary of procedures and procedural rights applicable to the forfeiture action.