PER CURIAM
I ¡¡This ⅛ an appeal of a judgment denying an exception of no right of action, issuing a permanent injunction prohibiting the opening of a gate on Three Rivers Island in Livingston Parish, and denying a request for a mandatory injunction ordering the opening of the gate. We reverse the judgment relative to the issuance of the permanent injunction prohibiting opening the gate. In all other respects, the judgment is affirmed.
FACTS
Three Rivers Island is an island located on the south side of the Diversion Canal in Livingston Parish. It is accessible by boat, and vehicular traffic is restricted to golf carts. The condominium regime, Three Rivers Commons, was developed on the western end of the island. East of the condominium development are subdivisions developed in separate filings.
A “foot bridge” over the Petite Amite River, wide enough to accommodate a golf cart, connects the westerly end of the island to a parking lot located in Ascension Parish. Upon crossing the foot bridge from the parking lot to the island, one encounters intersecting concrete pathways. One pathway extends straight ahead from the base of the foot bridge and across the common space for the condominium development. The other pathway curves in a southerly direction, reconnecting with the straight pathway on the easterly end of the condominium development. Gates are located on either end of the straight pathway at the intersections with the curved pathway.[2] This dispute arose after the gate on the easterly end of the straight pathway was welded shut, effectively preventing | .¡anyone from accessing the lots and residences to the east of the condominium development using the straight pathway.[3]
*779 The Board of the incorporated owner’s association for Three Rivers Commons filed this suit, complaining that Donna Grodner, who owns property to the east of the condominium development, entered the condominium development property and attempted to open the welded gate to allow golf cart traffic. The Board sought an injunction to prohibit further attempts at opening the gate.
In response, Grodner and other island property owners (collectively “the TRI owners”) claimed the welded gate blocked a servitude affording them a right of passage over the straight pathway to their properties. The TRI owners requested a mandatory injunction requiring the Board to open the gate and to cease and desist from obstructing access to the servitude of passage.
At the start of the bench trial for the injunctive relief, the TRI owners orally urged an exception of no right of action, arguing the Board owned none of the property at issue and therefore had no standing to sue.[4] Testimony was then presented and evidence was introduced, including numerous plats showing the developments on the island. Thereafter, the trial court issued written reasons adopting the Board’s arguments on all issues and rejecting the TRI owners’ argument that the gate obstructs a servitude of passage that provides them access to their properties using the straight pathway. A judgment was signed denying the ^exception of no right of action and enjoining Grodner and those acting on her behalf from opening the westerly gate. The judgment also denied the relief requested by the TRI owners, specifically the mandatory injunction requiring the opening of the gate. The TRI owners now appeal.
RIGHT OF ACTION
The TRI owners first challenge the trial court’s denial of their exception of no right of action. While an exception is a pleading that must be made in writing, making the oral urging of the exception improper, either the trial or appellate court may, on its own motion, notice that a plaintiff does not have a right of action. See La. Code Civ. Pro., arts. 852 and 927. Consequently, the trial court did not abuse its discretion in addressing the exception, and that ruling is properly before this court for review. See Murrill v. Edwards, 613 So.2d 185, 189 (La. App. 1 Cir. 1992), writ denied, 614 So.2d 65 (La. 1993); see also Perkins v. Carter, 09-673 (La.App. 5 Cir. 12/29/09), 30 So.3d 862, 865; FIA Card Services, N.A. v. Gibson, 43,131 (La. App. 2 Cir. 3/19/08), 978 So.2d 1230, 1235.
The TRI owners contend the Board has no right of action in this matter because it is not an owner of any property at issue. An action can only be brought by a person having a real and actual interest that he asserts. La. Code Civ. Pro. art. 681. The function of an exception of no right of action is to determine whether the plaintiff belongs .to the class of persons to whom the law grants the cause of action asserted in the suit. JP Morgan Chase Bank, N.A. v. Boohaker, 14-0594 (La.App. 1 Cir. 11/20/14), 168 So.3d 421, 426. The exception assumes the petition states a valid cause of action for some person and tests whether the plaintiff has an interest in judicially enforcing the right asserted. The question is simply whether the plaintiff has a right to sue the defendant. Id.
*780 The party raising the exception of no right of action bears the burden of proof. Evidence supporting or controverting an exception of no right of action is Inadmissible; however, in the absence of evidence to the contrary, the averments of fact in the pleadings will be taken as true. Whether a plaintiff has a right of action is a question of law and is reviewed de novo on appeal. Id.
Three Rivers Commons is a condominium regime established under the Louisiana Condominium Act. See La. R.S. 9:1121.101 et seq. Under the Act, portions of the condominium property (units) are subject to individual ownership, while the remainder of the property (the common elements) is owned in indivisión by all unit owners. See La. R.S. 9:1121.103; Davis v. Riverside Court Condominium Ass’n Phase II, Inc., 14-0023 (La.App. 4 Cir. 11/12/14), 154 So.3d 643, 648. The Board is an “association” created pursuant to the Act to manage and regulate the condominium. See La. R.S. 9:1121.103. The Act provides that an association may, subject to the provisions of the condominium declaration, “[ijnstitute ... litigation ... in its own name on behalf of itself or two or more unit owners on matters affecting the condominium.” La. R.S. 9:1123.102(4). The Three Rivers Commons condominium declaration does not restrict the Board from filing suit to protect the condominium’s interests. An injunction prohibiting opening the gate to golf cart traffic across the condominium development’s common space is a matter affecting the condominium. Therefore, the Board is a proper party to seek such relief. The trial court correctly overruled the exception of no right of action,
INJUNCTIVE RELIEF
The remaining issues raised in this appeal concern competing requests for in-junctive relief regarding the gate. Louisiana Constitution Article V, § 8(B) requires that “[a] majority of the judges sitting in a case must concur to render judgment.” We have reached different conclusions regarding the substantive issues raised with regard to what, if any, servitude exists on the island in favor of the TRI owners, and whether the gate obstructs that servitude. However, a ^majority agrees to partially reverse the trial court’s judgment and dissolve the prohibitory injunction, while a different majority agrees to affirm the trial court’s judgment denying the injunctive relief requested by the TRI owners.
CONCLUSION
The trial court’s judgment is reversed in part and the permanent injunction prohibiting Donna Grodner and those acting on her behalf from opening the easterly gate is dissolved. In all other respects, the trial court’s judgment is affirmed. Costs of this appeal are assessed equally between the appellants and the appellees.
AFFIRMED IN PART AND REVERSED IN PART.
Crain, J. agrees in part and dissents in part and assigns reasons.
Holdridge J., agrees in part and concurs in part and assigns reasons.
Welch J. concurs and dissent for reasons assigned by Judge Crain.
Calloway J. agrees in part and dissents in part and assigns reasons.
McClendon, J. agrees in part and concurs in part for reasons assigned by Judge Holdridge.
Appendix A
*781 [[Image here]]

. For illustrative purposes, the pathways are shown on the diagram attached hereto as Appendix A. The testimony at trial indicated that Three Rivers Commons’ property extends to the line to the right of lot "4-A” on the diagram.

. The TRI owners initially asserted the servitude of passage was established by an instrument filed in the conveyance records of Ascension Parish, which allegedly created a servitude of parldng and passage extending from the parking lot in Ascension Parish, over the bridge to the island, through the condominium development's common space, and to the end of the island. That instrument was attached to the TRI owner’s answer and petition for cross claim, but was never introduced into evidence. At trial, the TRI owners explained the Ascension-filed instrument was referenced only "for background,” "to show that the servitude started in the parking lot and came all the way through ... to the end of the island” and, in fact, objected to all documents listed on the Board’s potential exhibit list "dealing with the parking lot over in Ascension Parish.”

. The TRI owners stated that they were urging exceptions of no right of action and no cause of action, and the trial court’s judgment denies both exceptions. On appeal, the TRI owners argue only the denial of the exception of no right of action; therefore we reference 'only the exception of no right of action herein.