# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

GUSTAVE J. LABARRE, JR., ET AL                           NO.  2021 CW 1023

VERSUS

OCCIDENTAL CHEMICAL COMPANY,                    **DECEMBER 06, 2021**
LLC, ET AL

---

In Re:    Texas Brine Company, LLC, applying for supervisory writs, 23rd Judicial District Court, Parish of Assumption, No. 33796.

---

**BEFORE:    McDONALD, LANIER, AND WOLFE, JJ.**

**WRIT NOT CONSIDERED.** Relator failed to provide proof that this writ application is timely under Rules 4-2 and 4-3, Uniform Rules of Louisiana Courts of Appeal, in accordance with the provisions of La. Code Civ. P. art. 1914(A) and (B). There is no evidence that a judgment was ordered by the trial court or that a written request for judgment was filed within 10 days of the ruling in open court so as to make the notice of intent filed on August 13, 2021 timely.

Supplementation of this writ application and/or an application for rehearing will not be considered. Rules 2-18.7 and 4-9, Uniform Rules of Louisiana Courts of Appeal.

In the event relator seeks to file a new application with this court, it must contain all pertinent documentation, and must comply with Rule 2-12.2, Uniform Rules of Louisiana Courts of Appeal. Any new application must be filed on or before December 21, 2021 and must contain a copy of this ruling.

**JMM**
**WIL**

**Wolfe, J.,** dissents and would grant the writ. The burden of proving the facts essential to support the objection of res judicata is on the party pleading the objection. If any doubt exists as to the application of res judicata, the objection must be overruled and the second lawsuit maintained. **Landry v. Town of Livingston Police Dept.,** 2010-0673 (La. App. 1st Cir. 12/22/10), 54 So.3d 772, 776. Because the cornerstone of res judicata is a valid and final judgment, it was incumbent on National Union Fire Insurance Company of Pittsburgh, PA. and AIG Specialty Insurance Company (collectively AIG) to introduce a valid final judgment into the record. Review of the trial transcript shows that neither party offered, filed, or introduced any evidence into the record at the hearing on AIG's exception of res judicata. Without the final judgment in evidence, AIG could not meet its burden of proof on the exception. Therefore, I would grant this writ application, reverse the trial court's July 16, 2021 ruling sustaining AIG's exception of res judicata and deny same.

COURT OF APPEAL, FIRST CIRCUIT

_____
    DEPUTY CLERK OF COURT
        FOR THE COURT