# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

THE DOC'S CLINIC, APMC

VERSUS

THE STATE OF LOUISIANA,
THROUGH THE DEPARTMENT OF
HEALTH AND HOSPITALS, ET AL

NO. 2022 CW 0298

PAGE 1 OF 2

**JULY 18, 2022**

In Re:    Unisys Corporation, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 575390.

---

**BEFORE:   HOLDRIDGE, PENZATO, AND LANIER, JJ.**

**WRIT GRANTED.** The trial court's December 16, 2021 judgment, which denied the Exception of Res Judicata filed by defendant, Unisys Corporation ("Unisys"), directed at the First Amended Petition for Damages of plaintiff, The Doc's Clinic, APMC ("Doc's Clinic"), is reversed. Res judicata bars relitigation of a subject matter arising from the same transaction or occurrence of a previous suit. **Landry v. Town of Livingston Police Department,** 2010-0673 (La. App. 1st Cir. 12/22/10), 54 So.3d 772, 775; see also La. R.S. 13:4231. The chief inquiry is whether the second action asserts a cause of action that arises out of the transaction or occurrence that was the subject matter of the first action. **Id.** at 776. However, all of the following elements must be satisfied in order for res judicata to preclude a second action: (1) the first judgment is valid and final; (2) the parties are the same; (3) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (4) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. See **Burguieres v. Pollingue,** 2002-1385 (La. 2/25/03), 843 So.2d 1049, 1053. There is no dispute herein that there is a valid and final judgment, the parties are the same, and the causes of action arose out of the same transaction or occurrence. Rather, the parties dispute whether the causes of action against Unisys, which are asserted in Doc's Clinic's First Amended Petition for Damages, existed at the time of the dismissal of Doc's Clinic's Amended Petition for Damages against Unisys.

On April 17, 2013, Doc's Clinic filed an Amended Petition for Damages naming Unisys as a defendant. In response, Unisys filed an exception raising the objection of prescription and seeking dismissal of Doc's Clinic's claims against it with prejudice. The trial court signed a judgment on August 1, 2013, sustaining the exception, finding all claims against Unisys had prescribed and dismissing Doc's Clinic's claims against Unisys with prejudice. On April 24, 2015, this court affirmed the trial court's judgment. See **Doc's Clinic, APMC v. State, ex rel. Department of Health and Hospitals,** 2014-1178 (La. App. 1st Cir. 4/24/15), 2015 WL 1882570 (unpublished), writ denied, 2015-1210 (La. 9/25/15), 178 So.3d 567. Thereafter, on May 19, 2020, leave was granted to Doc's Clinic to file its First Amended Petition for Damages, making additional claims as to Unisys.

# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

We find the cause or causes of action asserted in the First Amended Petition for Damages against Unisys existed at the time of final judgment rendered on April 24, 2015, dismissing plaintiff's claims against Unisys, and arose from the same transaction and occurrence as the action in the previous judgment. See **Burguieres**, 843 So.2d at 1053. Accordingly, Unisys' Exception of Res Judicata is granted, and the claims of plaintiff, The Doc's Clinic, APMC, against defendant, Unisys Corporation, as set forth in the First Amended Petition for Damages are dismissed with prejudice.

**GH**
**AHP**
**WIL**

COURT OF APPEAL, FIRST CIRCUIT

_a.S.___

DEPUTY CLERK OF COURT
FOR THE COURT