STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2022 CA 0052

STRATEGIC MEDICAL ALLIANCE II

VERSUS

STATE OF LOUISIANA, OFFICE OF RISK MANAGEMENT AND
SEDGWICK (EMPLOYEE: DEREK CARPENTER)

*DATE OF JUDGMENT:*  OCT 0 6 2022

ON APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION,
BATON ROUGE DISTRICT OFFICE 5
PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA
NUMBER 18-07980

HONORABLE PAMELA A. MOSES-LARAMORE, JUDGE

* * * * * *

Seth Mansfield                                Counsel for Plaintiff-Appellant
Lafayette, Louisiana                          Strategic Medical Alliance II, LLC

Scott M. Mansfield
Kelley R. Dick, Jr.
Baton Rouge, Louisiana

Collin R. Melancon
Brad W. Cranmer
New Orleans, Louisiana

Marcus J. Plaisance
Mark D. Plaisance
Prairieville, Louisiana

Virginia J. McLin                             Counsel for Defendant-Appellee
Kirk L. Landry                                State of Louisiana
Baton Rouge, Louisiana

* * * * * *

BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.

Disposition: AFFIRMED. MOTION TO STRIKE DENIED AS MOOT.

**CHUTZ, J.**

Claimant-appellant, Strategic Medical Alliance II, LLC (SMA), appeals the judgment of the Office of Workers' Compensation (OWC), which dismissed with prejudice SMA's claims against employer-appellee, the State of Louisiana (State), based on a finding that SMA does not have a right of action under the Louisiana Workers' Compensation Law. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

SMA initiated this litigation on November 28, 2018, by filing a disputed claim for compensation (Form 1008) with OWC, contending it was a health care provider entitled to recover the costs of implants provided to Dr. Eric Oberlander of The Spine Hospital of Louisiana during an authorized surgery of employee Derek Carpenter.[1] By an amended disputed claim for compensation pleading, filed on February 1, 2019, SMA named Carpenter's employer, the State, as a defendant and sought reimbursement for the materials it had provided.[2]

In a single document, the State filed several exceptions and answered SMA's lawsuit.[3] At a hearing on the exceptions held on December 13, 2019, the State argued, among other things, that SMA was not a health care provider as set

---

[1] The record indicates that Dr. Oberlander performed a three-level transforaminal lumbar interbody fusion from L3 to S1. The materials allegedly supplied by SMA consisted of rods, screws, cages, and other medical hardware.

[2] Although SMA initially named "Sedgwick" as a defendant whom it identified as Carpenter's "INSURER," Sedgwick Claims Management Services, Inc. filed a peremptory exception raising the objection of no cause of action in which it asserted that it was a third-party administrator for employers and workers' compensation insurers and, therefore, not a proper party defendant. Subsequently, SMA filed its amended disputed claim for compensation pleading in which, in addition to adding the State as Carpenter's employer, SMA named as a defendant the Office of Risk Management, identifying it as the State's insurer. The Office of Risk Management was later dismissed from this litigation by judgment dated February 26, 2020.

[3] Among the exceptions was a declinatory exception objecting based on improper venue. By consent judgment, the parties agreed to transfer the matter from one OWC district to another. The State subsequently filed a motion to reset the remaining exceptions for hearing, and the parties were given a hearing date. At SMA's request, OWC twice granted continuances of the hearing.

2

forth in the Louisiana Workers' Compensation Act (LWCA)[4] and, therefore, could not recover reimbursement payments for the materials that Dr. Oberlander had implanted during Carpenter's surgery. SMA's responsive assertion was that, on the face of the Request for Authorization (Form 1010), SMA's role, the items it supplied, and its relationship with the treating physician and the facility at which the surgery was performed were "obvious and apparent." As such, SMA maintained that it was entitled to reimbursement from the State for the implanted materials. After arguments, OWC determined that the disputed claim for compensation pleading was insufficient to establish SMA's relationship with Dr. Oberlander. On February 26, 2020, OWC signed a judgment that "granted [SMA] thirty ... days from the date of judgment to amend the suit to specifically outline facts to support its claim," subject to dismissal.

On July 21, 2020, SMA filed the OWC-ordered amended disputed claim for compensation pleading to which it attached the affidavit of its corporate representative.[5] The State filed a motion to have SMA's matter dismissed, which was set for a hearing. At the conclusion of the hearing, held on March 26, 2021, OWC determined that SMA failed to allege sufficient facts to establish that Dr. Oberlander had turned over to SMA his right to collect payment for the supplies he used during Carpenter's surgery and, therefore, had no right of action against the State. OWC subsequently issued a judgment dismissing SMA's claims for reimbursement with prejudice. SMA appeals.

## DISCUSSION

Preliminarily, we note that the record does not contain a written exception filed by the State raising the objection of no right of action on the basis that SMA was not a health care provider entitled to recover reimbursement payments under

---

[4] The LWCA is set forth in La. R.S. 23:1021 et seq.

[5] Although the State challenged the timeliness of SMA's amended pleading, OWC found it was timely filed, and the State has not appealed that determination.

3

the LWCA.[6] The record does show, however, that the parties argued the merits of the no right of action at both the initial December 13, 2019 hearing, which gave rise to OWC's order directing SMA to amend its pleading, and again at the March 26, 2021 hearing at which SMA's claims were dismissed.

While an exception is a pleading that must be made in writing, making the oral urging of the exception improper, either the OWC or appellate court may, on its own motion, notice that the claimant does not have a right of action. See La. C.C.P. arts. 852 and 927(B). Consequently, OWC did not abuse its discretion in addressing the exception, and the ruling is properly before this court for review.[7] See *Three Rivers Commons Condo. Ass'n v. Grodner*, 2016-0067 (La. App. 1st Cir. 5/10/17), 220 So.3d 776, 779, writ denied, 2017-0974 (La. 4/2/18), 248 So.3d 315.

Except as otherwise provided by law, an action can only be brought by a person having a real and actual interest that he asserts. La. C.C.P. art. 681. The peremptory exception raising the objection of no right of action tests whether the claimant has any interest in judicially enforcing the right asserted. See La. C.C.P. art. 927(A)(6). Simply stated, the objection of no right of action tests whether this particular claimant, as a matter of law, has an interest in the claim sued on. The party raising a peremptory exception bears the burden of proof. To prevail on a

---

[6] The peremptory exceptions that the State filed when it answered SMA's claims included an objection of no right of action directed at SMA's claims naming Sedgwick as a defendant. See n.3, supra. The State also raised two separate objections of no cause of action. In the first one, the State asserted that under the LWCA, any reimbursement that may be owed to SMA was capped at $750.00 if SMA did not seek preauthorization as required under La. R.S. 23:1142; the other alleged that because SMA was not a physician, it was not entitled to the 20% markup permitted under LAC 40:I.5115. The record is devoid of a pleading filed by the State asserting a no right of action based on SMA's failure to include facts establishing its relationship with Dr. Oberlander that permits SMA to assert his reimbursement claim for the materials he used in Carpenter's surgery.

[7] Because we find the propriety of whether SMA has a right of action is correctly before us in this appeal whether we consider the determination as a review of OWC's action of having raised the objection on its motion or in conjunction with our raising the objection on appeal, we deny as moot the State's motion to strike SMA's complaint pointing out for the first time in its appellate reply brief the lack of a written pleading supporting the exception of no right of action.

4

peremptory exception pleading the objection of no right of action, the defendant must show that the claimant does not have an interest in the subject matter of the suit or legal capacity to proceed with the suit. *Pearce v. Lagarde*, 2020-1224 (La. App. 1st Cir. 10/7/21), 330 So.3d 1160, 1167, writ denied, 2022-00010 (La. 2/22/22), 333 So.3d 446.

On the trial of a peremptory exception pleaded prior to the trial of the case, like the objection of no right of action before us, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. See La. C.C.P. art. 931. Generally, in the absence of evidence, the objection of no right of action must be decided upon the facts alleged in the petition, and those alleged facts are accepted as true. For purposes of the exception, all well-pleaded facts in the petition must be taken as true. *Miller v. Thibeaux*, 2014-1107 (La. 1/28/15), 159 So.3d 426, 430. But the latter principle applies only to properly-pleaded material allegations of fact, as opposed to allegations deficient in material detail, conclusory factual allegations, or allegations of law. See *Rushing v. Succession of Graves*, 2008-1997 (La. App. 1st Cir. 3/27/09), 2009WL2855736, at *2 (unpublished) (reviewing a peremptory exception raising the objection of prescription).

Where, as here, no evidence was admitted at the hearing, whether a claimant has a right of action is a question of law and is, therefore, reviewed de novo on appeal. Appellate review of questions of law is simply to determine whether the OWC was legally correct. On legal issues, an appellate court gives no special weight to the findings of OWC and, instead, exercises its constitutional duty to review questions of law and render a judgment on the record. See *Nu-Lite Elec. Wholesalers, LLC v. Axis Constr. Grp., LLC*, 2017-1204 (La. App. 1st Cir. 4/9/18), 249 So.3d 10, 14, writ denied, 2018-0914 (La. 9/28/18), 253 So.3d 142.

5

For purposes of review of whether SMA has a right of action for reimbursement for the materials Dr. Oberlander utilized during Carpenter's surgery, we presume a cause of action exists as the State did in its arguments to OWC. See La. R.S. 23:1142 (addressing the approval of health care providers and the fees charged by them); La. R.S. 23:1205(B) (providing for health care benefits reimbursement). See also La. R.S. 23:1021(6) (defining a health care provider under the LWCA[8]); *Rebel Distributors Corp., Inc. v. LUBA Workers' Comp.*, 2013-0749 (La. 10/15/13), 144 So.3d 825, 841 (concluding that an assignment between a physician and a third-party medical supplies distributor, which created an agency relationship that allowed the distributor to collect assigned workers' compensation medication claims for the physician, was permissible under LWCA, and, therefore, the distributor, as the physician's agent, fell within the statutory definition of health care provider under the La. R.S. 23:1021(6)). Thus, in this appeal it is undisputed that a cause of action exists in favor of Dr. Oberlander, the health care provider to whom any reimbursement may be owed.

SMA urges that its allegations and the exhibits attached to its pleading demonstrate its status as an agent for Dr. Oberlander. SMA reasons that because the State did not produce any evidence to controvert the allegations set forth in the disputed claim for compensation form, OWC erred first by ordering SMA to amend its pleading and again, after SMA filed the OWC-ordered amendment, by dismissing its claims against the State, finding SMA had no right of action against the State.

---

[8] Specifically, La. R.S. 23:1021(6) defines a health care provider as "a hospital, a person, corporation, facility, or institution licensed by the state to provide health care or professional services as a physician, hospital, dentist, registered or licensed practical nurse, pharmacist, optometrist, podiatrist, chiropractor, physical therapist, occupational therapist, psychologist, graduate social worker or licensed clinical social worker, psychiatrist, or licensed professional counselor, and any officer, employee, or agent thereby acting in the course and scope of his employment."

An agency relationship is a contract of mandate. *Rebel Distributors Corp., Inc.*, 144 So.3d at 832 n.5. According to La. C.C. art. 2989, "A mandate is a contract by which a person, the principal, confers authority on another person, the mandatary, to transact one or more affairs for the principal." La. C.C. art. 2990 states, "In all matters for which no special provision is made in [the "Representation and Mandate"] Title, the contract of mandate is governed by the Titles of "Obligations in General" and "Conventional Obligations or Contracts." Thus, in matters relative to contract formation, La. C.C. arts. 1927-1947 apply. See Wendell H. Holmes & Symeon C. Symeonides, *Representation, Mandate, and Agency: A Kommentar on Louisiana's New Law*, 73 Tul. L. Rev. 1087, 1119 (1999).

A contract is formed by the consent of the parties established through offer and acceptance. La. C.C. art. 1927. Thus, it was incumbent of SMA to allege properly-pleaded material allegations of fact -- rather than allegations deficient in material detail, conclusory factual allegations, or allegations of law -- sufficient to aver that Dr. Oberlander, as a principal, conferred authority on SMA, as the mandatary, to transact his affairs relative to the collection of reimbursement payments for the materials used during Carpenter's surgery.

Based on our review of the amendments to SMA's disputed claim for compensation, including the attached exhibits, we can identify no facts that detail Dr. Oberlander's consent to a verbal agreement conferring authority on SMA to collect reimbursement payments due to him under the LWCA for the materials used in Carpenter's surgery. In its February 1, 2019 amendment, SMA identified itself as a health care provider and designated its attorney as the attorney for a health care provider. Review of the attachments shows that none are signed by Dr. Oberlander, and none allege that Dr. Oberlander offered as principal to confer authority to SMA as a mandatary to collect reimbursement payments for the

7

surgical materials Dr. Oberlander used on Carpenter. The Request for Authorization (Form 1010), apparently submitted by Dr. Oberlander, does not mention SMA in any capacity.[9] And the remaining documents do not show any expressed or implied conduct, representations, or statements by Dr. Oberlander conferring authority to collect reimbursement under the LWCA in favor of SMA. Thus, OWC did not err in ordering an amendment to SMA's pleading.[10]

In its OWC-ordered amendment, SMA attached the affidavit of Rachel McEnary, SMA's corporate representative, "who testifies to the close relationship of [SMA] and the [health care] provider." The amended pleading also "retained" all prior pleadings. Because the amended pleading contains no other averments, we turn our attention to the factual allegations as set forth in McEnary's affidavit.

According to McEnary, SMA "works with doctors to provide supplies, devices, or implantation during surgeries." She stated, that "now and in the past," SMA "has agreed to associate or contract with medical providers, to deliver/provide some supplies, devices, or implantation," which have been determined as medically necessary. McEnary explained that "when a doctor has selected supplies, devices, or implantation to be used in his surgeries, subject to the agreement with [SMA], the medical provider has allowed [SMA] to bill directly

---

[9] Neither copy included in the appellate record is clear.

[10] Although the first amended disputed claim for compensation pleading, filed on February 1, 2019, did not include any attachments, SMA annexed them to its original Form 1008 filed on November 29, 2018. On appeal, SMA maintains the later-filed pleading related back to and incorporated the earlier-filed pleading including the attachments, which was sufficient to establish a prima facie case for reimbursement in its favor. See La. C.C.P. art. 1153 ("When the action ... asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading."). Thus, SMA suggests OWC erred in ordering an amendment of its pleading at the conclusion of the December 13, 2019 hearing. Since the attachments were entered into evidence at the March 26, 2021 hearing that resulted in the dismissal of SMA's claims, and SMA timely filed the amended pleading as directed by OWC, in our review of the dismissal of SMA's claims we have examined the February 1, 2019 amended pleading including the attachments and concluded there were insufficient allegations of fact necessary to establish SMA's mandatary/agent status with Dr. Oberlander as its principal. Therefore, we find it unnecessary to address whether the February 1, 2019 pleading related back and incorporated the attachments annexed to the November 29, 2018 pleading and pretermit such a discussion.

for any good or service rendered and avail [itself of] any legal right or remedy therein to the maximum extent of the law." She attested that the general standard practice was "for the insurer or responsible party to make timely payment after having received [an] invoice for the goods provided by [SMA]." Lastly, McEnary stated that the contract between the health care provider and SMA was not in written form.

We find these allegations woefully short to constitute allegations of a contract of mandate between Dr. Oberlander and SMA for the surgical supplies used in Carpenter's surgery. Specifically, SMA has failed to allege any facts averring that Dr. Oberlander as a principal conferred authority on SMA as his mandatary to collect reimbursement payments for the surgical materials he used on Carpenter. Mindful that under the LWCA it is a health care provider to whom reimbursement payments are statutorily due, and that SMA does not fall within the express definition of a health care provider absent a showing of a mandate/agency relationship, even taking as true all the allegations of fact set forth in SMA's pleadings, SMA has simply failed to allege the requisite mandate/agency relationship with Dr. Oberlander necessary to support a right of action in its favor. Therefore, OWC correctly dismissed SMA's claims.[11]

## DECREE

For these reasons, the OWC judgment is affirmed. Appeal costs are assessed against claimant-appellant, Strategic Medical Alliance II, LLC.

## AFFIRMED. MOTION TO STRIKE DENIED AS MOOT.

---

[11] Since SMA failed to aver facts to supports its right of action after OWC permitted an amendment of its pleading, we find no error in the dismissal of SMA's claims. See La. C.C.P. art. 934 ("When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. ... [I]f the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.").