STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2023 CA 1168

DR. RALPH SLAUGHTER, ON BEHALF OF HIMSELF AND ALL OTHERS
SIMILARLY SITUATED

VERSUS

LOUISIANA STATE EMPLOYEES' RETIREMENT SYSTEM, ITS
FIDUCIARIES, ABC INSURANCE COMPANY, THE CLERKS OF COURT FOR
ALL DISTRICT, APPELLATE, AND SUPREME COURTS, THE JUDICIAL
ADMINISTRATOR, 123 INSURANCE COMPANY, AND XYZ INSURANCE
COMPANY

**Judgment Rendered:** OCT 1 1 2024

* * * * * *

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Suit Number C727578

Honorable Kelly Balfour, Presiding

* * * * * *

| | |
|---|---|
| Dr. Ralph Slaughter<br>Baton Rouge, LA | Plaintiff/Appellant<br>Pro Se |
| Harry Rosenberg<br>New Orleans, LA<br><br>And<br><br>Sheri M. Morris<br>Baton Rouge, LA | Counsel for Defendants/Appellees<br>Sandra Vujnovich, the Judicial<br>Administrator for the Louisiana<br>Supreme Court; Veronica Koclanes,<br>Clerk of Court for the Louisiana<br>Supreme Court; and Rodd Naquin,<br>Clerk of Court for the Louisiana First<br>Circuit Court of Appeal |
| Vicki M. Crochet<br>Peyton T. Gascon<br>Baton Rouge, LA | Counsel for Defendants/Appellees<br>Barbara McManus, Ternisha<br>Hutchinson, LASERS Employee<br>Defendants, and LASERS Trustee<br>Defendants |

* * * * * *

BEFORE: GUIDRY, C.J., PENZATO, AND STROMBERG, JJ.

Stromberg, J. Concurs and assigns reasons.

**GUIDRY, C.J.,**

Dr. Ralph Slaughter appeals from a district court judgment sustaining peremptory exceptions raising the objection of res judicata raised by defendants, Louisiana State Employees' Retirement System, Charles Castille, Byron Decoteau, Jr., Shannon S. Templet, Thomas C. Bickham, Barbara McManus, and Ternisha Hutchinson, dismissing his claims against them with prejudice. For the reasons that follow, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

The history of litigation between Dr. Slaughter and various defendants regarding the inclusion of supplemental pay in the calculation of his retirement benefit and in calculation of his terminal pay spans over ten years. The following recitation of facts and procedural history is set forth in Slaughter v. Board of Supervisors of Southern University and Agricultural and Mechanical College, 10-1049 (La. App. 1st Cir. 8/2/11), 76 So. 3d 438, writ denied, 11-2110 (La. 1/13/12), 77 So. 3d 970 (Slaughter I) and Slaughter v. Louisiana State Employees' Retirement System, 20-0881 (La. App. 1st Cir. 3/25/21), 322 So. 3d 839, writ denied, 21-00567 (La. 6/22/21), 318 So. 3d 706 (Slaughter II).

In 2006, the Southern University Board of Supervisors (Board) appointed Dr. Slaughter President of the Southern University System. In 2007, the Board and Dr. Slaughter entered into a two-year employment agreement whereby the parties agreed that Dr. Slaughter would receive a base salary of $220,000.00 per year and a salary supplement of $200,000.00 per year. When Dr. Slaughter's two-year contract expired in 2009, he retired from state employment with approximately thirty-five years of service. Thereafter, the Louisiana State Employees' Retirement System (LASERS) began paying Dr. Slaughter a monthly retirement benefit of $24,487.95, which was calculated based upon Dr. Slaughter's earnings as reported to LASERS by the Board.

2

Dr. Slaughter subsequently filed suit against the Board for past due wages, specifically contesting the Board's calculation of terminal payments made to him. The trial court ruled that the Board miscalculated Dr. Slaughter's income base by including supplemental pay and expense allowances he received from the Board and further found that the Board should have calculated Dr. Slaughter's terminal pay and retirement benefits based solely on his annual base salary. This court examined the retirement statutes and La. Const. art. X, §10(A)(1)(b) and found "[f]rom our reading of these particular retirement statutes, it is clear that the legislature did not intend for supplemental pay or expense allowances to be included in the calculation of compensation for employees who are not law enforcement officers or firefighters and did not fall within the exception." Slaughter I, 10-1049 at pp. 25-26, 76 So. 3d at 454. After rejecting Dr. Slaughter's remaining arguments, this court affirmed the district court's judgment, finding no error in the district court's determination that the salary supplement and expense allowances should not be used in the leave pay calculation. Slaughter I, 10-1049 at p. 28, 76 So. 3d at 455.[1]

As a result of the Slaughter I litigation, the Board became aware that it had erroneously included supplemental funds in Dr. Slaughter's earnings reported to LASERS. As such, the Board sent a letter to LASERS on January 22, 2010, advising LASERS of the error. When the Slaughter I decision became final, LASERS sent correspondence to Dr. Slaughter advising that it intended to retroactively reduce his retirement benefit starting June 1, 2012 due to an error made by the Board in the reporting of his earnings. Relying on La. R.S. 11:192, LASERS maintained that it may adjust benefits and further reduce the corrected benefit to recover overpayments.

---

[1] While the district court ruled that supplemental pay and expense allowances should also not have been included in the calculation of Dr. Slaughter's retirement benefit, this court specifically noted that the issue of the calculation of Dr. Slaughter's retirement benefit was not before the court on appeal. Slaughter I, 10-1049 at 24, 76 So. 3d at 453.

3

Thereafter, Dr. Slaughter filed suit against LASERS seeking a writ of mandamus, injunctive relief, and a declaratory judgment confirming LASERS has no authority or ability to reduce his retirement benefits. Dr. Slaughter alleged that his retirement benefits should be calculated based on the entirety of his earnings, including salary supplements. The district court denied Dr. Slaughter's motion for a writ of mandamus, mandatory injunctive relief, and declaratory judgment and dismissed these claims against LASERS with prejudice. On appeal, this court addressed the issue of whether "earned compensation" as defined in La. R.S. 11:403(10) includes salary supplements. Relying on this court's findings in our previous opinion in Slaughter I, this court found that the district court was correct in concluding that "earned compensation" as defined in La. R.S. 11:403(10) does not include Dr. Slaughter's salary supplements. Slaughter II, 20-0881 at p. 11, 322 So. 3d at 847.

On January 10, 2023, Dr. Slaughter filed the instant action naming as defendants, LASERS and LASERS fiduciaries, including LASERS Board of Trustees, its individual members, its Executive Director, Chief of Staff, Chief Administrative Officer and Chief Investment Officer (Board of Trustee defendants). Dr. Slaughter also named generally the Clerks of Court of all district courts, appellate courts, and the supreme court in the State of Louisiana in their official capacity and the Judicial Administrator of the Louisiana Supreme Court in her official capacity. Dr. Slaughter alleged that LASERS is improperly including supplemental pay as a part of the earned compensation for judges, upon which their retirement benefits are calculated, and that this practice violates La. Const. art. X, §10(A)(1)(b). Dr. Slaughter alleged that this practice prevents the fund from being maintained on a sound actuarial basis and results in the payment of smaller and less frequent cost of living adjustments (COLA) for LASERS members. Dr. Slaughter sought a declaratory judgment that La. R.S. 13:10.3, 11:1380, 11:1352, 11:558, 11:558.2,

4

11:560 and 11:553, which relate to supplemental pay for judges and its inclusion in calculating their retirement benefits, conflict with and violate La. Const. art. X, §10(A)(1)(b), which limits the inclusion of supplemental pay in calculating retirement benefits to law enforcement officers and firefighters as found by this court in Slaughter II. Dr. Slaughter also sought a declaratory judgment that it is unconstitutional for any LASERS members who are not law enforcement officers or firefighters to have supplemental pay included in the calculation of their retirement benefits. Dr. Slaughter sought to enjoin LASERS from continuing to deplete and divert assets of the fund by overpaying judges or other LASERS members by means of including supplemental pay in calculating their retirement benefits, in violation of La. Const. art. X, §10(A)(1)(b).

Dr. Slaughter further alleged that, notwithstanding the unconstitutional nature of La. R.S. 13:10.3, the clerks of all the courts in the state collect fees for every civil filing, to be used for an unconstitutional purpose, i.e., the payment of retirement contributions on supplemental compensation paid to judges. As such, Dr. Slaughter sought a declaratory judgment that the clerks of all district, appellate, and supreme courts in the state of Louisiana are in violation of the Louisiana Constitution in levying and collecting fees for every civil filing for the funding of the Judges' Supplemental Compensation Fund, which violates La. Const. art. X, §10(A)(1)(b). Dr. Slaughter further sought to enjoin the clerks of court from continuing to levy and collect fees for every civil filing for funding the Judges' Supplemental Compensation Fund. Finally, Dr. Slaughter sought damages to compensate him for monies paid in court costs and filing fees that were improperly charged for funding the Judges' Supplemental Compensation Fund.

In addition to his individual claims, Dr. Slaughter also alleged two purported class actions based on these same claims.

5

Thereafter, Dr. Slaughter filed a motion to recuse the district court judge assigned to the case, alleging that all Louisiana judges have an interest in the litigation's outcome and there exists a substantial and objective basis that would reasonably be expected to prevent the judge from conducting any aspect of the cause in a fair and impartial manner because the case challenges the constitutionality of judges' supplemental pay being included in the calculation of their retirement benefit.

On March 14, 2023, LASERS filed a peremptory exception raising the objections of res judicata, no cause of action, and nonjoinder of indispensable parties.[2] Several LASERS Board of Trustee defendants, Charles Castille, Byron Decoteau, Jr., Shannon S. Templet, Thomas C. Bickham, Barbara McManus, and Ternisha Hutchinson (collectively with LASERS the "LASERS defendants") subsequently filed their own peremptory exception raising the objections of res judicata, no cause of action, and nonjoinder of indispensable parties, adopting and incorporating by reference the arguments advanced by LASERS.

Additionally, Sandra Vujnovich, the Judicial Administrator for the Louisiana Supreme Court; Veronica O. Koclanes, Clerk of Court for the Louisiana Supreme Court; and Rodd Naquin, Clerk of Court for the Louisiana First Circuit Court of Appeal, filed a peremptory exception raising the objections of no cause of action, no right of action, and lack of standing.

Following a hearing on Dr. Slaughter's motion to recuse and the defendants' peremptory exceptions, the district court signed a judgment sustaining the LASERS defendants' peremptory exceptions raising the objection of res judicata, denying as moot the LASERS defendants' peremptory exceptions raising the objections no cause

---

[2] We note that according to La. C.C.P. art. 927, as amended in 2008 by La. Acts 2008, No.824 §1, the peremptory exception raising the objections of res judicata, no cause of action, and nonjoinder of a party may also be noticed by either the trial court or the appellate court on its own motion. As such, even if not properly plead, the exceptions can still be considered by the trial court, and are properly before the appellate court, because such exceptions may be raised by the trial court on its own motion. See Strategic Medical Alliance II v. State, 22-0051, p. 5 (La. App. 1st Cir. 11/4/22), 355 So. 3d 55, 59 and Three Rivers Commons Condominium Association v. Grodner, 16-0067, p. 4 (La. App. 1st Cir. 5/10/17), 220 So. 3d 776, 779.

of action and failure to join indispensable parties, and dismissing with prejudice Dr. Slaughter's claims against the LASERS defendants. Dr. Slaughter now appeals from the district court's judgment.[3]

## DISCUSSION

### Res Judicata

Louisiana Revised Statute 13:4231, which sets forth the general principles regarding res judicata, provides:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

The chief inquiry is whether the second action asserts a cause of action that arises out of the transaction or occurrence that was the subject matter of the first action. Avenue Plaza, L.L.C. v. Falgoust, 96-0173, p. 6 (La. App. 1st Cir. 7/2/96), 676 So. 2d 1077, 1080. The Louisiana Supreme Court has emphasized that all of the following elements must be satisfied in order for res judicata to preclude a second action: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause(s) of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause(s) of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first

---

[3] The district court also signed a judgment denying Dr. Slaughter's motion to recuse, sustaining Ms. Vujnovich, Ms. Koclanes, and Mr. Naquin's exception raising the objections of no cause of action and no right of action, denying their exception raising the objection of lack of standing as moot, and dismissing Dr. Slaughter's claims against these defendants with prejudice. Dr. Slaughter has separately appealed from this district court judgment. See Slaughter v. Louisiana State Employees' Retirement System, 2023CA1167.

7

litigation. Burguieres v. Pollingue, 02-1385, p. 8 (La. 2/25/03), 843 So. 2d 1049, 1053.

The burden of proving the facts essential to support the objection of res judicata is on the party pleading the objection. If any doubt exists as to the application of res judicata, the objection must be overruled and the second lawsuit maintained. Landry v. Town of Livingston Police Department, 10-0673, p. 5 (La. App. 1st Cir. 12/22/10), 54 So. 3d 772, 776.

In the instant case, the LASERS defendants assert that Dr. Slaughter's instant claims are barred by res judicata, because, as in Slaughter I and Slaughter II, Dr. Slaughter is challenging the calculation of his retirement benefit and the role of supplemental compensation. However, the LASERS defendants, as the parties bearing the burden of proof, failed to offer any evidence in support of their exceptions raising the objection of res judicata. Therefore, absent any competent evidence showing that the elements of res judicata have been established, we find that the LASERS defendants have failed to meet their burden of proof on their exceptions. See Jefferson v. Board of Supervisors of Southern University and Agricultural and Mechanical College, 21-0716, pp. 7-8 (La. App. 1st Cir. 3/3/22), 341 So. 3d 603, 607-608.

**No Cause of Action**

In sustaining the LASERS defendants' peremptory exceptions raising the objection of res judicata, the district court denied as moot their objection of no cause of action. The LASERS defendants assert in brief, however, that the district court's judgment should be affirmed because Dr. Slaughter failed to state a cause of action. The LASERS defendants neither appealed nor answered the appeal concerning the district court's denial of their objection of no cause of action. Therefore, the objection of no cause of action is not properly before the court at this time for review, and we decline to exercise our power of review as to this issue. See Hall v. Hebert, 99-2781,

pp. 7-8 (La. App. 1st Cir. 6/22/01), 798 So. 2d 159, 163-164; see also Louisiana Public Service Commission v. Louisiana State Legislature, 12-0353, pp. 9-10 (La. App. 1st Cir. 4/26/13), 117 So. 3d 532, 538.

## CONCLUSION

For the foregoing reasons, we reverse the judgment of the district court sustaining the LASERS defendants' exceptions raising the objection of res judicata and remand this matter for further proceedings consistent with this opinion. All costs of this appeal, in the amount of $1,007.00, are assessed to the Louisiana State Employees' Retirement System, Charles Castille, Byron Decoteau, Jr., Shannon S. Templet, Thomas C. Bickham, Barbara McManus, and Ternisha Hutchinson.

**REVERSED AND REMANDED.**

| DR. RALPH SLAUGHTER, | STATE OF LOUISIANA |
| ON BEHALF OF HIMSELF | |
| AND ALL OTHERS | |
| SIMILARLY SITUATED | COURT OF APPEAL |
| | |
| VERSUS | FIRST CIRCUIT |
| | |
| LOUISIANA STATE | 2023 CA 1168 |
| EMPLOYEES' RETIREMENT | |
| SYSTEM, ITS FIDUCIARIES, | |
| ABC INSURANCE COMPANY, | |
| THE CLERKS OF COURT FOR | |
| ALL DISTRICT, APPELLATE, | |
| AND SUPREME COURTS, | |
| THE JUDICIAL ADMINISTRATOR, | |
| 123 INSURANCE COMPANY, | |
| AND XYZ INSURANCE COMPANY | |
| KRISTIN E. HILL | |

STROMBERG, J., concurs.

I respectfully concur with the result reached in this case. I would vacate the district court's judgment sustaining the peremptory exception raising the objection of res judicata because the exception was not in proper form. Louisiana Code of Civil Procedure article 924, entitled "Form of exceptions," states: "All exceptions shall comply with Articles 853, 854, and 863, and, whenever applicable, with Articles 855 through 861. They shall set forth the name and surname of the exceptor, shall state with particularity the objections urged and the grounds thereof, and shall contain a prayer for the relief sought." Louisiana Code of Civil Procedure article 854, entitled "Form of pleading," states, "No technical forms of pleading are required. All allegations of fact of the petition, exceptions, or answer shall be simple, concise, and direct, and shall be set forth in numbered paragraphs. As far as practical, the contents of each paragraph shall be limited to a single set of circumstances."

In this case, the LASERS defendants' peremptory exception raising the objection of res judicata does not comply with La. C.C.P. arts. 854 and 924 because

1

it does not set forth with particularity the grounds of the objection in numbered paragraphs. The LASERS defendants set forth the reasons supporting their exception of res judicata in an accompanying memorandum. However, a memorandum does not constitute a pleading recognized by the Louisiana Code of Civil Procedure. **Meaux v. Galtier**, 2007-2474 (La. 1/25/08), 972 So.2d 1137, 1138; **Moore v. Vauthier**, 2023-1046 (La. App. 1 Cir. 4/19/24), 389 So.3d 872, 879. The pleadings allowed in civil actions are petitions, exceptions, written motions, and answers. La. C.C.P. art. 852.

While the district and appellate courts may notice a peremptory exception on their own motions as set forth in the majority opinion pursuant to La. C.C.P. arts. 927(B) and 928(B), the cases cited therein did not involve the objection of res judicata, but the objection of no right of action, which was asserted orally at the hearings on the objection. See **Strategic Medical Alliance II v. State**, 22-0051 (La. App. 1 Cir. 11/4/22), 355 So.3d 55, 58-59; **Three Rivers Commons Condominium Association v. Grodner**, 16-0067 (La. App. 1 Cir. 5/10/17), 220 So.3d 776, 779. Moreover, in **Sherwin-Williams Co. v. First Louisiana Construction, Inc.**, 2004-0133 (La. App. 1 Cir. 5/6/05), 915 So.2d 841, 847 n.5, this court rejected a defendant's attempt to join in a res judicata objection raised by another defendant through an oral motion at the commencement of trial. This court stated that pleadings are required to be in writing under La. C.C.P. art. 852, and oral pleadings are not permitted.

Because the peremptory exception raising the objection of res judicata was not in proper form as the grounds of the objection were not set forth with particularity, I would find that the district court erred in considering it.

2